```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


Ralph Yeager,                    :

        Plaintiff,                :

    v.                           :    Case No. 2:05-cv-0950

Union County Commissioners,      :    JUDGE SARGUS
et al.,
                                 :
        Defendants.
```

OPINION AND ORDER

On October 18, 2005, Mr. Yeager filed suit in this Court against the Union County Commissioners; Steve E. Stolte, the Union County Engineer; Richard D. Carpenter; and Iva Carpenter. The complaint alleges, *inter alia*, constitutional violations under 42 U.S.C. §1983 and violations of Ohio law. On February 22, 2006, Mr. Yeager filed a motion for leave to file an amended complaint. The motion is fully briefed. For the following reasons, Mr. Yeager's motion for leave to file an amended complaint will be granted.

I.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the

party proposing an amendment, leave should be granted.  In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or the plaintiff from bringing a timely action in another jurisdiction.

<u>Phelps v. McClellan</u>, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing <u>Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau</u>, 786 F.2d 101, 103 (2d Cir. 1986)); <u>see also Moore v. City of Paducah</u>, 790 F.2d 557 (6th Cir. 1986); <u>Tefft v. Seward</u>, 689 F.2d 637 (6th Cir. 1982).  Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, <u>see Duchon v. Cajon Co.</u>, 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously.  <u>General Electric Co. v. Sargent and Lundy</u>, 916 F.2d 1119, 1130 (6th Cir. 1990); <u>see also Davis v. Therm-O-Disc, Inc.</u>, 791 F. Supp. 693 (N.D. Ohio, 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to

file an amended pleading.  They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility.  <u>Robinson v. Michigan Consolidated Gas Co</u>., 918 F.2d 579 (6th Cir. 1990); <u>Head v. Jellico Housing Authority</u>, 870 F.2d 1117 (6th Cir. 1989).  The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment.  <u>Id</u>.  It is with these standards in mind that the instant motion will be decided.

II.

Mr. Yeager claims that "[t]he ground[s] for this Motion is that Courts have imposed heightened pleading requirements upon parties seeking relief under 42 USC §1983.  The basis for this requested amendment is to comply with those pleading requirements and to assert Plaintiff's claims with the degree of specificity Courts have come to require in actions under 42 USC §1983."  Plaintiff's Motion for Leave to Amend Complaint at p. 1.  First, the amended complaint identifies the Union County Commissioner individually and adds each Union County Commissioner as a defendant in his or her individual and official capacities.  The original complaint had identified the commissioners collectively as "Union County Commissioners" and did not specify the capacity in which they were being sued.  The amended complaint also adds Doe defendants 1 through 10 to represent county employees and past Union County Commissioners and states that the defendants acts were "unlawful, deliberate, malicious, reckless and wanton."

Defendants Union County Commissioners and Mr. Stolte oppose the filing of the amended complaint.  They claim that "the proposed amendments represent a gross departure from what was contemplated at the preliminary pretrial conference, and

3

constitute[s] an unfair tactical shift. *** [The proposed amendments] include new parties in their individual capacities, and new allegations of malice which appear calculated to unfairly pressure the defendants with the threat of their personal assets being at stake." Memorandum in Opposition to Motion for Leave to Amend Complaint at p. 1. Finally, the defendants claim that "to the extent that [the] proposed amended complaint adds new parties, it[] does not relate back to the date of the original complaint" under Fed.R.Civ.P. 12(c). Id. at 2.

Based on the standards annunciated by the Sixth Circuit Court of Appeals, this Court concludes, after interpreting the rule liberally, that justice requires granting Mr. Yeager's motion for leave to file an amended complaint. Primarily, this Court notes that there are no allegations of undue delay, bad faith, or dilatory motive on the part of Mr. Yeager. The record indicates that this case has not progressed to a stage in litigation where adding the amendment would be unduly complex or confusing. In fact, the record indicates that discovery commenced in February and is not due to be completed until December 31, 2006. Further, on March 6, 2006, the Union County defendants filed a motion for judgment on the pleadings that was prepared in anticipation that this Court would grant Mr. Yeager's motion to amend, which further demonstrates a lack of prejudice.

Amending a complaint to identify new parties or to clarify in what capacity a defendant is being sued is ordinarily permissible. See, e.g., Moore v. City of Harriman, 272 F.3d 769 (6th Cir. 2001)(trial court erred by not allowing plaintiff an opportunity to amend §1983 complaint to sue defendants in their "individual capacity"). However, when the amended complaint fails to relate back to the original complaint, see Fed.R.Civ.P. 15(c), statute of limitation problems could arise. See, e.g., Moore, 272 F.3d 769 (amended complaint related back to the

4

original complaint under Fed.R.Civ.P. 15(c)(3)); <u>Brown v. Shaner</u>, 172 F.3d 927 (6th Cir. 1999)(amended complaint related back to the original complaint under both Fed.R.Civ.P. 15(c)(2) and 15(c)(3)); <u>Lovelace v. O'Hara</u>, 985 F.3d 847 (6th Cir. 1993)(amended complaint did not relate back to amended complaint under Fed.R.Civ.P. 15(c)(3)).  Regardless of what procedural hurdles may be presented as a result of granting Mr. Yeager's motion for leave to file an amended complaint, when the plaintiff's claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss or judgment on the pleadings. Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." <u>Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.</u>, 715 F.Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a dismissal motion may follow.

    Here, it is not completely clear that the claims pleaded in the amended complaint would be barred by the statute of limitations.  Thus, it is a better exercise of discretion to allow Mr. Yeager to plead those claims.  The District Judge will then have the opportunity to decide if they must be dismissed on limitations grounds.

III.

    For the foregoing reasons, Mr. Yeager's motion for leave to amend complaint (doc. #20) is GRANTED.  Mr. Yeager shall file an

5

amended complaint which is identical in substance to the amended complaint attached to his motion within ten days.


                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge